## 56225. QUARTERMAN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction of burglary. *Held:*

It is contended that "[t]he circumstantial evidence in this case was legally insufficient to connect Appellant to the alleged crime." We disagree.

When the burglar exited the barber shop he cut himself on a piece of jagged glass remaining in the right side of the window "approximately five feet from the ground." Two police officers followed a trail of blood for several blocks until they heard a call over their radio that a person was injured at "301-A West Victory Drive." Officer Rooks proceeded to that address. It took only "a matter of seconds because [he] was almost there, following the trail of blood."

The remaining officer continued to follow the trail of blood "across Montgomery-43rd Street to Victory Drive, followed the blood up to the house and around between the houses to 301-A West Victory Drive." There he found Officer Rooks with the defendant who was "bleeding profusely from about a six inch gash in the right middle of his scalp."

A hair sample taken from the defendant and the hair found on the piece of glass the burglar cut himself on "were similar enough for [the Crime Lab microanalyst] to say that they could have had a common origin." He explained that "[i]t's not possible to identify an individual by the use of their hair."

The defendant had type AB blood. The blood found on the clippers which were stolen was either that of two persons having type A and Type B blood, or one person

having type AB blood.

The prosecution did not introduce any statement of the defendant. However, on cross examination the defense counsel was questioning the ability of the police officers to follow the trail of blood at night. Officer Rooks explained: "We also ran into an area that the defendant must have fallen down because there was a lot more blood in that particular area than it was along the trail and *at that time he even mentioned to us that we couldn't tell him where he'd fallen down and we did.*" (Emphasis supplied.)

We find the evidence authorized the verdict.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JULY 11, 1978 — DECIDED SEPTEMBER 12, 1978.

*Friedman, Haslam & Weiner, Bruce A. Howe,* for appellant.

*Andrew J. Ryan, III, District Attorney, Joseph D. Newman, Assistant District Attorney,* for appellee.